UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MISAEL MARADIAGO | CIVIL ACTION |
| VERSUS | NO. 07-9414 c/w 07-9437 |
| ISAAC CASTLE, JR., ET AL | SECTION "N" (1) |

## **ORDER AND REASONS**

Before the Court is the Motion for Partial Summary Judgment (Rec. Doc. 20), filed by Defendants Southern Waste Systems of Louisiana, Scottsdale Insurance Company, and Isaac Castle Jr. This motion was opposed. After considering the memoranda of the parties, the exhibits attached thereto, and the applicable law, the Court concludes that genuine issues of material fact exist, regarding the validity of the common law marriage between Dolores Naranjo ("Ms. Naranjo") and Eddie Gomez Naranjo ("the decedent") under the laws of the State of Texas, which preclude partial summary judgment.

**I.     BACKGROUND**

Ms. Naranjo brought an action for wrongful death and survival against Defendants Isaac Castle, Jr., Southern Waste Systems of Louisiana, and Scottsdale Insurance Co. (collectively, "Defendants") after the death of the decedent, who she claims was her common law spouse. Defendants have filed a motion for partial summary judgment, arguing that Ms. Naranjo cannot bring a wrongful death action on behalf of the decedent because the Naranjos did not have a

valid marriage under Louisiana law.  Ms. Naranjo asserts that she and the decedent confected a valid common law marriage in Texas, the state of their domicile, and therefore, Louisiana law will recognize their marriage as valid in order to satisfy her status as surviving spouse.

## II.    LAW AND ANALYSIS

### A.    Summary Judgment Standard

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The materiality of facts is determined by the substantive law's identification of which facts are critical and which facts are irrelevant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). A fact is material if it "might affect the outcome of the suit under the governing law." *Id.*

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its summary judgment burden by merely pointing out that the evidence in the record contains insufficient proof concerning an essential element of the nonmoving party's claim. See *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986); see also *Lavespere v. Liberty Mut. Ins. Co.*, 910 F.2d 167, 178 (5th Cir.1990). Once the moving party carries its burden pursuant to Rule 56(c), the nonmoving party must "go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324, 106 S.Ct. 2553; see also *Matsushita Elec. Indus. Co.*,

*Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986); *Auguster v. Vermillion Parish School Bd.*, 249 F.3d 400, 402 (5th Cir. 2001).

When considering a motion for summary judgment, the Court views the evidence in the light most favorable to the nonmoving party, *Gillis v. Louisiana*, 294 F.3d 755, 758 (5th Cir.2002), and draws all reasonable inferences in favor of that party. *Hunt v. Rapides Healthcare System, L.L.C.*, 277 F.3d 757, 764 (2001). Factual controversies are to be resolved in favor of the nonmoving party, "but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (citations omitted). The Court will not, "in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts." *Id.* (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888, 110 S.Ct. 3177, 3188, 111 L.Ed.2d 695 (1990)).

Although the Court is to consider the full record in ruling on a motion for summary judgment, Rule 56 does not obligate it to search for evidence to support a party's opposition to summary judgment. *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir.2003) ("When evidence exists in the summary judgment record but the nonmovant fails even to refer to it in the response to the motion for summary judgment, that evidence is not properly before the district court."). Thus, the nonmoving party should "identify specific evidence in the record, and articulate" precisely how that evidence supports his claims. *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir.), cert. denied, 513 U.S. 871, 115 S.Ct. 195 (1994).

The nonmovant's burden of demonstrating a genuine issue is not satisfied merely by creating "some metaphysical doubt as to the material facts," "by conclusory allegations," by "unsubstantiated assertions," or "by only a scintilla of evidence." *Little*, 37 F.3d at 1075. Rather,

a factual dispute precludes a grant of summary judgment only if the evidence is sufficient to permit a reasonable trier of fact to find for the nonmoving party. *Smith v. Amedisys*, 298 F.3d 434, 440 (5th Cir.2002).

> **B.** **Analysis**

According to Louisiana law, there are basic requirements that must be met in order to form a valid marriage recognized in this state. Louisiana Civil Code art. 87 provides that for a marriage to be valid, a marriage ceremony must take place. Thus, common law marriages, which do not require marriage ceremonies, are not considered valid marriages in Louisiana.

Although Louisiana does not allow for common law marriage, Louisiana courts will recognize common law marriages that are confected in states that do recognize these marriages. See *Parish v. Minvielle*, 217 So.2d 684 (La. Ct. App. 3d Cir. 1969). In *Parish*, the Louisiana Third Circuit stated:

> It is true that Louisiana does not recognize or permit the contracting of common-law marriages in this state,...but we are obliged to give effect to such marriages when they are validly contracted in another state. This is commanded by the full faith and credit clause of the United States Constitution, Art. 4, Section 1.

*Id*. at 688. Louisiana is not, however, expected to recognize *all* common law marriages that are considered valid in the domicile state. When the relationship offends some strongly established public policy of the state,[1] Louisiana does not have to give full faith and credit to those common

---

[1] Similarly, the Louisiana Legislature has clearly stated the "strong public policy" of this state against recognition of same-sex marriages. According to Louisiana Civil Code article 3520, "[a] purported marriage between persons of the same sex violates a strong public policy of the state of Louisiana and such a marriage contracted in another state shall not be recognized in this state for any purpose, including the assertion of any right or claim as a result of the purported marriage."

4

law marriages.  *Brinson v. Brinson*, 96 So.2d 653 (La. 1957).[2]

Civil Code art. 2315.1 explains that a surviving spouse may bring either a wrongful death or survival action on behalf of a decedent.  Several cases have held that, under Louisiana law, a surviving spouse of a common law marriage that is recognized as valid under the laws of the state where the marriage was confected or established may bring an action for wrongful death in Louisiana.  *Gibbs v. Illinois Central Railroad Co.*, 125 So. 445 (La. 1929); *Fritsche v. Vermilion Parish Hospital Service*, 2004-1192 (La. App. 3 Cir. 2/2/05) 893 So. 2d 935; *Parish v. Minvielle*, 217 So. 2d 684 (La. Ct. App. 3d Cir. 1969); *Chivers v. Couch Motor Lines, Inc.*, 159 So. 2d 544 (La. Ct. App. 3d Cir. 1964).  Thus, the main issue here is whether there existed a valid common law marriage between Ms. Naranjo and the decedent in Texas.

The State of Texas allows for common law marriages to be entered as long as: (1) there is an agreement between the man and woman to enter into an informal, common law marriage; (2) they live together as husband and wife; and (3) they represent to others that they are married.  See Tex. Fam. Code § 2.401(a)(2).

Here, the Court concludes that Ms. Naranjo has shown that there are genuine issues of material fact relating to the validity of her alleged common law marriage with the decedent in the State of Texas.  Ms. Naranjo's deposition transcript reveals that she and the decedent had seven children together.  (Exhibit A to Rec. Doc. 20, p. 10).  After Hurricane Katrina, the decedent moved from the home they shared in Texas to the New Orleans area to assist with the rebuilding efforts.  (Exhibit A to Rec. Doc. 20, pp. 21-23).  While living in New Orleans, the decedent called Ms. Naranjo and their kids frequently.  (Exhibit A to Rec. Doc. 20, pp. 19, 88).

---

[2] No argument has been made in this case that the alleged Texas common law marriage between Ms. Naranjo and the decedent is against public policy in Louisiana.

Defendants attempt to argue that because Ms. Naranjo did not know where the decedent was living when the accident occurred, she could not be his common law wife.  However, her deposition reveals that she stayed in contact with the decedent throughout his time working in New Orleans.  Her deposition also reveals that the couple never separated, never experienced any significant marital problems, and never attended marriage counseling.  (Exhibit A to Rec. Doc. 20, pp. 22, 85).  This effectively contradicts Defendants' inference that because Ms. Naranjo did not know where the decedent was living at the time of the accident, there could not have existed a valid Texas common law marriage.

Ms. Naranjo's affidavit details more precisely many of the issues relating to her alleged common law marriage that were addressed in her deposition.  (Exhibit B to Rec. Doc. 24).  Following the creation of her common law marriage, which Ms. Naranjo alleges occurred on May 27, 1983 (Exhibit A to Rec. Doc. 20, p. 9), she changed her last name to "Naranjo" and was even issued a Social Security card and Texas driver's license under her married name.  (Exhibits C and D to Rec. Doc. 24).  On the birth certificates of her seven children, she is listed as the mother under her married name and the decedent is listed as their father.  (Exhibit E to Rec. Doc. 24).  Ms. Naranjo was also designated as the decedent's surviving spouse by the Social Security Administration (Exhibit F to Rec. Doc. 24), was the individual who authorized the donation of the decedent's organs after he was removed from life support (Exhibit G to Rec. Doc. 24), and was listed as the surviving spouse on the decedent's official death certificate issued by the State of Louisiana (Exhibit H to Rec. Doc. 24).

Based on this showing, the Court finds that Ms. Naranjo has created a genuine issue of material fact relative to the validity of her alleged common law marriage to the decedent under

the laws of the State of Texas.  If Ms. Naranjo can prove at trial that she and the decedent had a valid common law marriage in Texas, the state of their marital domicile, then she will be recognized under Louisiana law as the surviving spouse of Mr. Naranjo and should be able to proceed with her wrongful death action.

## III.     CONCLUSION

Considering the foregoing, **IT IS ORDERED** that the **Motion for Partial Summary Judgment (Rec. Doc. 20)** is **DENIED**.

New Orleans, Louisiana, this 21st day of October, 2008.

_____
**KURT D. ENGELHARDT**
**United States District Judge**