UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MISAEL MARADIAGO, ET AL. | CIVIL ACTION |
| VERSUS | NO. 07-9414 c/w<br>07-9437<br>08-5044 |
| ISAAC CASTLE, JR., SOUTHERN WASTE<br>SYSTEMS OF LOUISIANA, LLC, SCOTTSDALE<br>INSURANCE COMPANY, AND COLONY<br>INSURANCE COMPANY | SECTION "N" (1) |

**ORDER AND REASONS**

Presently before the Court is the Motion for Summary Judgment filed by Defendant Colony Insurance Company ("Colony") (Rec. Doc. No. 54). The Court, for the reasons stated herein, finds the motion to have merit. Accordingly, **IT IS ORDERED** that Colony's motion for summary judgment is **GRANTED**. **IT IS FURTHER ORDERED** that the claims asserted by Plaintiffs Dolores Naranjo, individually and on behalf of the minor children, Eddie Naranjo, Jr. and Ignacio Naranjo, and as the personal representative of Naranjo's estate, and Veronica Naranjo Gomez, Esmerelda Naranjo, Arlene Naranjo, Angelica Naranjo and Angela Naranjo ("Plaintiffs") against Colony are **DISMISSED WITH PREJUDICE**.

**I.    Summary Judgment Standard**

Pursuant to Rule 56 (c) of the Federal Rules of Civil Procedure, summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions

on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56 (c). The materiality of facts is determined by the substantive law's identification of which facts are critical and which facts are irrelevant. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed.2d 202 (1986). A fact is material if it "might affect the outcome of the suit under the governing law." *Id.*

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its summary judgment burden by merely pointing out that the evidence in the record contains insufficient proof concerning an essential element of the nonmoving party's claim. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S. Ct. 2548, 2554, 91 L. Ed. 2d 265 (1986); *see also Lavespere v. Liberty Mut. Ins. Co.*, 910 F.2d 167, 178 (5th Cir. 1990). Once the moving party carries its burden pursuant to Rule 56(c), the nonmoving party must "go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex,* 477 U.S. at 324, 106 S. Ct. 2553; *see also Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed.2d 538 (1986); *Auguster v. Vermillion Parish School Bd.,* 249 F.3d 400, 402 (5th Cir. 2001).

When considering a motion for summary judgment, the Court views the evidence in the light most favorable to the nonmoving party, *Gillis v. Louisiana,* 294 F.3d 755, 758 (5th Cir. 2002), and draws all reasonable inferences in favor of that party. *Hunt v. Rapides Healthcare System, L.L.C.,* 277 F.3d 757, 764 (2001). Factual controversies are to be resolved in favor of the nonmoving party, "but only when there is an actual controversy, that is, when both parties have

submitted evidence of contradictory facts." *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir.1994) (citations omitted). The Court will not, "in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts." *See id.* (emphasis in original) (citing *Lujan v. Nat'l Wildlife Fed'n,* 497 U.S. 871, 888, 110 S. Ct. 3177, 3188, 111 L. Ed.2d 695 (1990)).

Although the Court is to consider the full record in ruling on a motion for summary judgment, Rule 56 does not obligate it to search for evidence to support a party's opposition to summary judgment. *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003) ("When evidence exists in the summary judgment record but the nonmovant fails even to refer to it in the response to the motion for summary judgment, that evidence is not properly before the district court."). Thus, the nonmoving party should "identify specific evidence in the record, and articulate" precisely how that evidence supports his claims. *Forsyth v. Barr,* 19 F.3d 1527, 1537 (5th Cir.), *cert. denied*, 513 U.S. 871, 115 S. Ct. 195 (1994).

The nonmovant's burden of demonstrating a genuine issue is not satisfied merely by creating "some metaphysical doubt as to the material facts," "by conclusory allegations," by "unsubstantiated assertions," or "by only a scintilla of evidence." *Little,* 37 F.3d at 1075. Ratherp factual dispute precludes a grant of summary judgment only if the evidence is sufficient to permit a reasonable trier of fact to find for the nonmoving party. *Smith v. Amedisys*, 298 F.3d 434, 440 (5th Cir. 2002).

**II.     Analysis**

Plaintiffs are the widow and children of Eddie Gomez Naranjo ("Naranjo"), who suffered fatal injuries in a motor vehicle accident that occurred on December 3, 2007. Specifically, a "tractor trailer" operated by Defendant Southern Waste Systems of Louisiana, LLC ("Southern

3

Waste"), and driven by Defendant Isaac Castle, Jr., collided with a vehicle in which Naranjo was a passenger.[1] Plaintiffs have sued Colony based on a policy of commercial general liability insurance it issued to Southern.[2]

In seeking dismissal of Plaintiffs' claims, Colony contends that its policy's "Absolute Auto, Aircraft and Watercraft Exclusion" excludes coverage for any injuries or damages resulting from use of an "auto."[3] The Court agrees.

Contrary to Plaintiffs' assertions, a "Limitation of Coverage to Business Description" endorsement that was made to the policy *after* the adoption of the auto exclusion endorsement did not "expand" the policy's coverage so as to render the auto exclusion endorsement ineffective or inapplicable.[4] Rather, as Colony maintains, the "business description" endorsement in question actually imposed an *additional* prerequisite to the policy's coverage that would exist *unless* removed by an applicable exclusion. In other words, the endorsement, if anything, restricted, not expanded, coverage. Indeed, the endorsement's title begins with "Limitation of Coverage . . . ."[5] Further, the endorsement expressly states, in capital letters: "ALL OTHER TERMS AND CONDITIONS OF

---

[1] Plaintiff Misael Maradiago was driving the vehicle in which Naranjo was riding. Maradiago, however, did not file a claim against Colony in these consolidated actions.

[2] *See* Colony Insurance Policy No. GL3610093 ("Colony Policy"), which is attached as Exhibit "A" to Colony's Motion for Summary Judgment (Rec. Doc. 54-4).

[3] *See* Colony Policy, Endorsement U155-0702 (Rec. Doc. 54-4 at p. 24 of 47).

[4] *See* Colony Policy, Endorsement U159-0702 (Rec. Doc. 54-4 at p. 26 of 47). Plaintiffs essentially contend that Southern Waste's business of "collection and transport of trash to landfill" necessarily requires use of an auto; therefore, any injuries resulting from autos used as part of that business were covered notwithstanding the policy's auto exclusion. *See* Colony Policy, Common Policy Declarations, "Business Description," (Rec. Doc. 54-4 at p. 1 of 47).

[5] *See* Colony Policy, Endorsement U159-0702 (Rec. Doc. 54-4 at p. 26 of 47).

4

THE POLICY REMAIN UNCHANGED."[6] Thus, given the foregoing, the Court can only conclude that the "business description" endorsement had zero impact on the scope or applicability of the policy's pre-existing auto exclusion.

In short, as reflected in both policies' declarations, coverage provisions, and exclusions, the auto liability coverage provided by Defendant Scottsdale Insurance Company's policy was purchased to address claims such as Plaintiffs here.[7] Colony's commercial general liability policy, however, was not.

### III. Conclusion

For the foregoing reasons, **IT IS ORDERED** that Defendant Colony Insurance's Motion for Summary Judgment (Rec. Doc. No. 54) is **GRANTED**. **IT IS FURTHER ORDERED** that the claims asserted by Plaintiffs Dolores Naranjo, individually and on behalf of the minor children, Eddie Naranjo, Jr. and Ignacio Naranjo, and as the personal representative of Naranjo's estate, and Veronica Naranjo Gomez, Esmerelda Naranjo, Arlene Naranjo, Angelica Naranjo and Angela Naranjo c against Colony Insurance Company are **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, this 28th day of September 2009.

　　　　　　　　　　　　　　　　KURT D. ENGELHARDT
　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

Clerk to Copy:
United States Magistrate Judge Sally Shushan

---

[6] *Id*.

[7] *See* Scottsdale Insurance Company Policy No. CAS 0083927, which is attached as Exhibit "A" to Colony's Reply Memorandum in Support of Motion for Summary Judgment (Rec. Doc. 69-2).